STATE OF NORTH CAROLINA v. TERRY MACK QUEEN

No. 7026SC519

(Filed 18 November 1970)

Larceny § 7— automobile larceny — recent possession doctrine — sufficiency of identification of defendant

In this prosecution for the larceny of an automobile, there was sufficient evidence of defendant's identification as the operator of the stolen automobile for submission of the case to the jury under the doctrine of recent possession.

APPEAL by defendant from *Anglin, J.,* at the regular 30 April 1970 Schedule "C" Criminal Session of MECKLENBURG Superior Court.

The defendant and a codefendant, William Avery Jenkins, were arrested 2 February 1970 on the charge of larceny of more than $200.00. They were indicted at the 9 March 1970 Session of the General Court of Justice, Superior Court Division, Mecklenburg County. On 30 April 1970, they were arraigned, and having pled not guilty, they were tried by a jury. Defendant Jenkins' motion for nonsuit was granted at the end of the State's evidence; defendant Queen's motion for nonsuit was denied. A jury found defendant Queen guilty as charged. From a sentence of three (3) to five (5) years defendant appealed.

*Attorney General Robert Morgan by Staff Attorney Richard N. League for the State.*

*George S. Daly, Jr., for defendant appellant.*

VAUGHN, Judge.

Defendant, through his court-appointed counsel, contends that the trial court erred in denying his motion for nonsuit because he was not adequately identified in court. The State's evidence tended to show that a 1965 white Mustang belonging to Mr. Brooks Luckey was stolen from Mr. Luckey's home between 5:00 p.m. 1 February 1970 and 10:00 a.m. 2 February 1970. At approximately 1:45 a.m. Patrolman Ledbetter of the Mecklenburg County Police Department observed an automobile similar to the one described as stolen. The car was driven to a service station where it was parked. The driver and an occupant emerged from the car and entered the service station. Patrolman Ledbetter then went to the car, and determined that it was the car that had been stolen. The patrolman then went inside the service station and arrested the two defendants as they were coming out of the bathroom. In court Patrolman Ledbetter identified the two defendants by name as being the persons arrested and identified the operator of the Mustang as "the gentleman in the orange-gold shirt." There was adequate evidence of identification for the jury to find that Queen had in his possession an automobile recently stolen.

Defendant also contends that the judge's instructions to the jury on the doctrine of recent possession was erroneous. This assignment of error is without merit. In the entire trial we find no prejudicial error.

No error.

Judges CAMPBELL and BRITT concur.